**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| DAVID TATE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer BLANTON, Warden ORR, and Counselors ROWLAND and D. WATERS, | : | NO. 7:09-CV-142 (WLS) |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **DAVID TATE**, an inmate at the Augusta State Medical Prison in Grovetown, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that in July 2009, defendant Officer Blanton used excessive force against him. Specifically, plaintiff alleges that Blanton placed plaintiff in handcuffs that were too tight and made his wrists bleed, pushed plaintiff into a wall, knocked him down, and punched plaintiff in his face and knocked out three teeth. Without supplying any details, plaintiff also alleges Blanton

sexually harassed him.

Following the alleged use of excessive force, plaintiff asked defendant Warden Orr to provide medical care for plaintiff's injuries. According to plaintiff, Orr merely laughed and refused to provide the treatment.

Plaintiff also names as defendants Counselors Rowland and D. Waters. Plaintiff claims that Rowland is incompetent and summarily alleges that she discriminated against plaintiff. Plaintiff also summarily claims that Waters discriminated against him and alleges that Waters failed to assist plaintiff in accessing a work release program.

Plaintiff asks for $10,000 from each defendant.

### III. DISCUSSION

#### A. Counselors Rowland and D. Waters

There is no cause of action under section 1983 for Rowland's alleged incompetency as a prisoner counselor. Plaintiff's claim that Waters failed to help him locate a work release program is likewise not actionable under section 1983. If cognizable at all, plaintiff's claim must be brought in a petition for writ of habeas corpus, as it would appear to challenge the fact or duration of his confinement. ***Preiser v. Rodriguez***, 411 U.S. 475, 500 (1973); ***Edwards v. Balisok***, 520 U.S. 641 (1997).

Plaintiff alleges that he is a victim of discrimination, but he does not state what kind of discrimination. Plaintiff makes only general conclusory allegations against Rowland and Waters, and fails to allege any specific facts indicating that he was treated differently from other inmates on account of his race or any other basis. The Court finds that plaintiff's allegations of discrimination

are at best speculative and certainly not cognizable under section 1983.  *See e.g., Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986).

Accordingly, plaintiff has not stated a valid cause of action against Rowland and Waters under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendants.

**IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### *B.  Officer Blanton and Warden Orr*

Construing plaintiff's allegations liberally in favor of plaintiff, as this Court is required to do, the Court cannot determine at this stage that plaintiff's complaint against Blanton and Orr is completely frivolous.  Accordingly, plaintiff's claims against Blanton and Orr shall be allowed to go forward.  It is hereby **ORDERED** that service be issued against Officer Blanton and Warden Orr, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

### **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address.  **Failure to promptly**

**advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein**.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties**.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** of the date of filing of an answer or dispositive motion by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. Pursuant to Rule 5 of the Federal Rules of Civil Procedure, as amended, and Local Rule 5.1, as amended, the filing of discovery is prohibited. Specifically, the following discovery requests and responses must not be filed until they are used in the proceeding or the Court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admissions. Any of the above-described discovery documents will be returned to the

filer.[1]  Additionally, Local Rule 33.1 limits interrogatories to 25 to each party; Local Rule 34 limits requests for production to 10 per party; and Local Rule 36 limits requests for admission to 15 per party.  Any discovery that is not timely produced or responded to must be brought to the attention of the Court by a motion from the party seeking discovery or production.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a SEPARATE MOTION accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the Court.

**SO ORDERED**, this 16th day of December, 2009.


G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

cr

---

[1] When such discovery is filed pursuant to the amended rules after use by a party in a pleading or in support thereof, a certification of the same shall accompany the filing stating that the same is in compliance with the amended rules.