IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DAVID TATE,

      Plaintiff,

VS.

      7 : 09-CV-142 (HL)

Officer BLANTON, and
Warden ORR,

      Defendants.

## ORDER AND RECOMMENDATION

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on December 4, 2009, raising allegations regarding (1) excessive use of force by Defendant Blanton, a correctional officer at Valdosta State Prison (hereinafter "VSP") and (2) deliberate indifference to a serious medical need by Defendant Orr, the Deputy Warden of Security at VSP (Doc. 2). Presently pending in this action are Defendants' Motion for Summary Judgment, and Plaintiff's Motion to Appoint Counsel and Motion for Summary Judgment (Docs. 17, 15, 26).

*Defendants' Motion for Summary Judgment (Doc. 17)*

**Background**

Defendants filed their Motion for Summary Judgment on August 9, 2010 (Doc. 17). On August 16, 2010, the Court notified the Plaintiff of the filing of the Defendants' Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order (Doc. 19). Plaintiff filed a response to Defendants' Motion for Summary Judgment on September 3, 2010 (Doc. 27).

In his Complaint, Plaintiff alleges that Defendant Blanton subjected Plaintiff to physical abuse, tightening his handcuffs too tight, hitting and pushing Plaintiff several times, and knocking out three

of Plaintiff's teeth. Plaintiff alleges that he informed Defendant Warden Orr of the events and Defendant Orr laughed at Plaintiff and did not provide him any medical attention (Doc.2).

In his deposition, Plaintiff states that on his way to the shower Defendant Blanton knocked Plaintiff into the wall and kicked him (Doc. 25, depo. p. 43). While Plaintiff was in the shower, Defendant Blanton hit Plaintiff from behind and Plaintiff fell (*Id.* at p. 44). Plaintiff further states that while Defendant Blanton was removing Plaintiff's handcuffs, Defendant Blanton pulled Plaintiff's arms several times causing Plaintiff's head to hit the shower door (*Id.*). At this point, Plaintiff states his mouth hit the door and he lost two teeth and other teeth started to come loose (*Id.* at p. 45). As a result of the incident, Plaintiff states he lost two teeth, received cuts on his wrists from the handcuffs, and received shoulder and leg injuries (Docs. 2, 25).

Plaintiff also alleges a claim of sexual harassment against Defendant Blanton arising out of the events that took place once Plaintiff was returned to his room after his shower (Doc. 2). In his deposition, Plaintiff asserts that Defendant Blanton "sexually harassed" Plaintiff by pushing him, and grabbing him by his collar and skin (Doc. 25, depo. p. 59). There is no other evidence offered by the Plaintiff regarding his allegation of sexual harassment. As this claim appears to be only an extension of the use of force claim, the Court interprets the sexual harassment claim to be an additional allegation of excessive force, not sexual harassment.

**Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> Fed.R.Civ.P. 56(c)(1).

All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials –including the facts considered undisputed – show that the movant is entitled to it". Fed R. Civ. P. 56(e)(3).

## Discussion

**Excessive force**

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

3

*Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5).

"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

To establish a claim for excessive force, the Plaintiff must show that (1) the Defendants acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted. *Fischer v. Ellegood*, 238 Fed. Appx. 428, 432 (11th Cir. 2007); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). However, "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7). Although the extent of any injury is not alone dispositive of an excessive force case, it is "one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

In arguing that they are entitled to the entry of summary judgment in regard to the Plaintiff's

claim of excessive force by Defendant Blanton, the Defendants have submitted affidavits from the Defendants and from various prison officials, the Plaintiff's deposition testimony, and portions of the Plaintiff's prison medical records (Doc. 17). Defendant Blanton's affidavit testimony shows that on July 27, 2009, Defendant Blanton and another officer placed Plaintiff in handcuffs and walked him to the showers (Doc. 17-15, Blanton Affidavit). Blanton states that he did not assault or use physical force on Plaintiff at any time (*Id.*).

Defendants' evidence further shows that following the alleged incident, Plaintiff did not report the alleged use of force by Defendant Blanton to Defendant Orr (Doc. 17-7, Orr Affidavit). However, Defendants evidence does show that Nurse Olson was requested by security to examine Plaintiff (Docs. 17-13, Olson Affidavit). Due to the request, Nurse Olson completed a use of force assessment of Plaintiff on August 4, 2009, eight days after the alleged assault (*Id.*; Doc. 17-14). Nurse Olson stated that Plaintiff showed her two teeth that had been allegedly knocked out and one tooth that was loose; he had moderate abrasions on his wrists, and his shoulders had slight tenderness with palpation. Nurse Olson recommended Plaintiff see a dentist, but he refused (*Id.*).

In Plaintiff's deposition testimony, specifically referenced by the Defendants in their summary judgment Brief and Statement of Material Facts, Plaintiff testified to the following set of facts. First, Defendant Blanton placed handcuffs on Plaintiff and escorted him to the showers (Doc. 25, depo. p. 57). Plaintiff testified that the handcuffs were too tight on Plaintiff's wrists, and caused cuts on the inside of his wrists and arms (*Id.* at p. 58). While walking to the shower in handcuffs, Defendant Blanton hit Plaintiff in his side and in his face with a closed fist, causing Plaintiff to hit his head on the wall (*Id.* at p. 43). After Plaintiff hit the wall, Defendant Blanton kicked him in his left leg (*Id.*). When Plaintiff reached the shower, Defendant Blanton hit Plaintiff in the back of the head, knocking him to the ground (*Id.* at p. 44). While releasing Plaintiff from the handcuffs through a flap in the

5

shower door, Defendant Blanton pulled on Plaintiff's arms causing Plaintiff's head and mouth to hit the shower door, which resulted in Plaintiff losing two teeth and having additional teeth become loose (*Id.* at p. 44-47). Finally, when Plaintiff was escorted back to his room, Defendant Blanton hit and slapped Plaintiff in the face and pushed his head against the wall. (*Id.* at p. 50).

In response to the Defendants' summary judgment motion, the Plaintiff has provided an unsworn recitation of the amendment notes of Federal Rule of Civil Procedure 56 (Doc. 26). The record does contain Plaintiff's sworn deposition testimony, submitted by the Defendants, with certain sections specifically pointed to and identified by Defendants in support of their summary judgment motion, as set out above (Doc. 17). Although the Plaintiff has neither incorporated this testimony by reference nor pointed to relevant portions of the testimony in responding to the Defendants' Motion for Summary Judgment, Rule 56 clearly allows for the Court's consideration of the entire record when ruling on a motion for summary judgment. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The notes explaining the amendment further state that "a court may consider record materials not called to its attention by the parties." *Id.* at hist. n. 2010 Amendments.

The Eleventh Circuit has also recognized that courts must consider the record as a whole in ruling on motions for summary judgment. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial") (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) ("[i]n opposing summary judgment, the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole"). The Court is mindful, as well, of the Plaintiff's *pro se* prisoner status, which the Eleventh Circuit has noted entitles the Plaintiff's

pleadings and briefs to a more liberal construction. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Keith v. Stewart*, 2006 WL 2298004, n. 1 (N.D. Ga. Aug. 8, 2006) (courts are reluctant to require a *pro se* prisoner to rely on more evidence than his pleadings in response to motions for summary judgment).

Thus, the Plaintiff's sworn deposition testimony is properly considered herein as part of the record as a whole and in opposition to the Defendants' Motion for Summary Judgment. Plaintiff's deposition testimony offers evidence that Defendant Blanton attacked and beat Plaintiff. Plaintiff's testimony is that he remained handcuffed throughout all or most of the attacks, and there is no evidence to show that he resisted the attacks in any way. Plaintiff testified that, due to the attacks, he lost two teeth, injured his shoulders, and received cuts on his wrists (Doc. 25). Nurse Olson's affidavit, and Plaintiff's Complaint also indicate Plaintiff was complaining of injury to his arms and legs (Docs. 2; 17-13, Olson Affidavit).

Defendants contend that Defendant Blanton could not have used excessive force because all of Plaintiff's injuries were pre-existing conditions (Doc. 17-2). Defendants provided affidavits and medical records which show Plaintiff had pre-existing injuries to his shoulders and legs, and he had periodontal disease which had caused most of his teeth to fall out (Docs. 17-4; 17-5; 17-6; 17-16, Ditslear Affidavit). Further, Nurse Olson's affidavit states that, in her opinion, the cuts on Plaintiff's wrists were not consistent with handcuff injuries (Doc. 17-13, Olson Affidavit). Evidence alone of pre-existing injuries does not necessarily show a lack of excessive force. Defendants have merely provided one explanation for the injuries to Plaintiff. *See Shinholster v. Rich*, 2008 WL 765824 (S.D. Ga. Mar. 24, 2008) (a jury is the appropriate party to determine if an injury was pre-existing or was caused by excessive force).

Defendants further argue that the extent of the injury "strongly indicates that no force was

7

applied" and that Plaintiff's testimony of the events alleging excessive force is uncorroborated, thus the Court should grant Defendants' Motion for Summary Judgment (Doc. 17-2).

"Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 130 S.Ct. at 1178-1179. "The extent of the injury may . . . provide some indication of the amount of force applied." *Id.* at 1178. If there is no evidence of injury to corroborate the inmate's allegations of excessive force, a motion for summary judgment may be granted in favor of the prison officials. *See Vicks v. Knight*, 380 Fed. Appx. 847, 851 (11th Cir. 2010).

In *Vicks*, the parties' versions of the alleged excessive force greatly differed. 380 Fed. Appx. at 851. To support their version of the incident, the defendants provided personal affidavits, affidavits of other prison officials, and medical records. The inmate provided only his own affidavit. *Id.* Moreover, neither medical professional that examined the plaintiff after the incident could identify any injury to the plaintiff's body to corroborate the allegations. *Id.* The Eleventh Circuit determined that the evidence provided by the defendants, the lack of evidence by the plaintiff, and the showing of no injury to the plaintiff was sufficient to prove no excessive force was used. *Id.*

In contrast, evidence of minor injuries is sufficient for an excessive force claim to survive a motion for summary judgment. The Supreme Court has held that a beating that results only in minor bruising and swelling can constitute excessive force. *See Hudson*, 503 U.S. at 4 (excessive force was used when the inmate suffered minor bruises and swelling of his face, mouth, and lip, and the blows loosened some of the inmate's teeth and cracked his partial dental plate); *Borroto v. McDonald*, 2006 WL 2786152 (N.D. Fl. Sept. 26, 2006) (handcuffing a prisoner and slamming his head into the floor for no legitimate purpose violated the Eighth Amendment, even though it only caused a few bruises).

The present action is a classic case of Plaintiff swearing to one set of facts and Defendant Blanton swearing to another set of facts. *See Skelly v. Okaloosa Co. Bd. Of Co. Commrs.*, 2011 WL 539053 (11th Cir. Feb. 17, 2011). Plaintiff testified that he received injuries to his mouth, wrists, and shoulders because Defendant Blanton attacked him (Doc. 25). Unlike in *Vicks*, the medical records show injury to Plaintiff. Nurse Olson noted tenderness to Plaintiff's arms and shoulders, the loss of two teeth, and abrasions to his wrists eight days after the alleged attack (Doc. 17-13, Olson Affidavit). Thus, Plaintiff's testimony is corroborated by the medical records and Plaintiff's injuries are sufficient to show excessive force could have been used.

Although Defendant Blanton's affidavit testimony and the affidavit testimony of other prison officials challenge Plaintiff's version of events and claim that Defendant Blanton did not physically attack the Plaintiff, the ultimate resolution of this issue depends on a credibility determination properly decided by the trier of fact. Genuine issues of material fact remain as to the need for the use of force, the amount of force used, and whether Blanton acted "maliciously and sadistically" to cause harm. Accordingly, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **DENIED** as to Plaintiff's excessive force claim.

**Compensatory and punitive damages**

Defendants argue that summary judgment should be granted in their favor as to Plaintiff's claims for compensatory and punitive damages (Doc. 17-2). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1917e(e). "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

9

The physical injury suffered by Plaintiff "must be more than *de minimis*, but need not be significant" in order to satisfy § 1917e(e). *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated, reh'g granted en banc* 197 F.3d 1059 (11th Cir. 1999), *reinstated in part*, 216 F.3d 970 (11th Cir. 2000). The Eleventh Circuit has held that a plaintiff who can show no injury is not allowed compensatory damages under § 1917e(e). *See Boxer X v. Donald*, 169 Fed. Appx. 555, 558 (11th Cir. 2006) (plaintiff did not allege any physical injury and, therefore, was not entitled to compensatory relief).

Here, Plaintiff is seeking damages for the physical injuries he received from the alleged assault. There is sufficient evidence that Plaintiff had a physical injury, in that he received cuts, lost two teeth, and had pain in his shoulders and arms (Docs. 17-13, Olson Affidavit; 17-14; 25). Thus, there is a genuine issue of material fact as to whether Plaintiff suffered actual injury from the alleged assault and, as such, it is the recommendation of the undersigned that Defendants' summary judgment motion be **DENIED** as to any claim of compensatory or punitive damages.

**Deliberate indifference**

Plaintiff alleges that Defendant Warden Orr was deliberately indifferent to Plaintiff's serious medical need. Plaintiff alleges that when he told Defendant Orr about the alleged attack, Defendant Orr laughed at Plaintiff and failed to provide Plaintiff with medical attention (Doc. 2).

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, Plaintiff must show that the medical need posed a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002). To establish the prison official acted with deliberate indifference to the serious need, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

Regardless of Plaintiff's alleged injuries, Plaintiff failed to provide evidence that establishes Defendant Orr was deliberately indifferent to Plaintiff's medical needs. Defendant Orr submitted an affidavit that he was unaware of the alleged assault on Plaintiff, that Plaintiff never informed him of the alleged assault, and that he did not at any time laugh or deny medical treatment to Plaintiff (Doc. 17-7, Orr Affidavit). Moreover, Plaintiff provides no evidence to show Defendant Orr had subjective knowledge of a risk of serious harm to Plaintiff and disregarded that risk. In fact, in Plaintiff's deposition, he testifies that he told Defendant Orr of the attack and Defendant Orr told an officer of the prison to take Plaintiff to medical for treatment (Doc. 25, depo. p. 74). Even if Defendant Orr was aware of Plaintiff's alleged injuries, Plaintiff admits Defendant Orr requested a medical examination of Plaintiff. Therefore, Plaintiff has not established that Defendant Orr was deliberately indifferent to a serious medical need, and the claim against Defendant Orr cannot survive Defendants' Motion for Summary Judgment.

## Conclusion

Inasmuch as Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing

regarding Plaintiff's claim of deliberate indifference against Defendant Orr, it is the recommendation of the undersigned that the Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's claim against Defendant Orr.

As genuine issues of material fact remain as to Plaintiff's claim of excessive force, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **DENIED** in regard to Plaintiff's excessive force claim against Defendant Blanton, and **DENIED** as to any claims of compensatory or punitive damages against Defendant Blanton. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Appoint Counsel (Doc. 15)*

Plaintiff filed a Motion for the Appointment of Counsel on July 12, 2010 (Doc. 15). Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

*Plaintiff's Motion for Summary Judgment (Doc. 26)*

Plaintiff titles his response to Defendants' Motion for Summary Judgment as a Motion for Summary Judgment and a Response to Defendants' Motion for Summary Judgment. However, in his "Motion", Plaintiff merely recites the amendments to Federal Rule of Civil Procedure 56 and does not ask for any Court action. (Doc. 26).

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact." *Id.* Plaintiff has not identified the claims on which he is seeking summary judgment, nor has he provided any evidence to show there is no genuine dispute as to any material fact. Therefore, it is the recommendation of the undersigned that Plaintiff's Motion for Summary Judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 4th day of March, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf

13