# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DAVID TATE, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER BLANTON and WARDEN ORR, <br><br> Defendants. | Civil Action 7:09-CV-142 (HL) |

## ORDER

The Recommendation (Doc. 31) of United States Magistrate Judge Thomas Q. Langstaff, entered March 4, 2011, is before the Court. The Magistrate Judge recommends that Defendants' Motion for Summary Judgment (Doc. 17) be granted, in part, and denied, in part; and that Plaintiff's Motion for Summary Judgment (Doc. 26) be denied.

Defendants have filed an objection (Doc. 32) to the recommendation to deny summary judgment on Plaintiff's excessive force claim against Defendant Blanton. The Court has made a *de novo* review of the portion of the Recommendation to which Defendants object.

After close consideration, the Court agrees with the Magistrate Judge that there is an issue of fact remaining with regard to the excessive force claim. Plaintiff alleges that Defendant Blanton tightened his handcuffs too tight, hit him, kicked him, pushed him, and knocked out at least two of his teeth. Plaintiff contends that as a

result of the excessive force, he lost two teeth, received cuts on his wrists from the handcuffs, and received shoulder and leg injuries. Defendant Blanton denies he used any force against Plaintiff.

Defendants argue that Plaintiff's testimony is not corroborated by the medical records. However, the use of force assessment form, which notably was not completed until eight days after the alleged assault, shows that Plaintiff was missing two teeth, had another loose tooth, had pain in his arms and shoulders, and had abrasions to his wrists. Thus, there is some support for Plaintiff's allegations in the medical records. Defendants state that there are inconsistencies in Plaintiff's testimony and pleadings as to how many teeth were knocked out and how they were knocked out, but those inconsistencies are matters for cross-examination.

Defendants contend summary judgment in their favor is required by Vicks v. Knight, 380 Fed. App'x 847 (11th Cir. 2010), but the Court believes the cases are distinguishable. In Vicks, the plaintiff alleged he was beaten on August 2, 2007 and sustained injuries in the form of a swollen and bruised torso, and bruised ribs. The plaintiff was seen in the prison emergency room approximately five hours after the alleged beating. The examining nurse noted that the plaintiff had no bruises, contusions, bleeding, or lacerations, that he had a normal gait, and that he experienced no difficulty in moving his extremities. Id. at 849. The plaintiff was examined again the following day, and the nurse noted no injuries, redness,

swelling, or bruising. Id. The defendants denied any use of force against the plaintiff. Id.

The Eleventh Circuit affirmed the district court's grant of summary judgment in favor of the defendants on the plaintiff's excessive force claim. Id. at 852. The court stated that the defendants' version of the events were corroborated by all of the relevant documentation, while the plaintiff's version of the events was contradicted by all of the evidence, with the exception of the plaintiff's own affidavit. "Importantly, Vicks's August 2 and 3 medical records demonstrated that at least two medical professionals examined him and could not identify any injury on his body. Specifically, the examining nurses could not identify any bruises or swelling in or around the area of Vicks's torso and noted that Vicks did not experience difficulty in walking or moving his extremities." Id. The Eleventh Circuit concluded that "a reasonable factfinder could not believe that Vicks suffered any injury, and thus could not reasonably infer that [the defendant] used anything more than a *de minimis* amount of force against Vicks." Id.

The Court disagrees with Defendants that Vicks is on all fours with the record evidence. Whereas the medical records in Vicks showed no injuries at all immediately after the assault, the medical records here show that Plaintiff had injuries eight days after the alleged beating. The Court does not believe the medical records completely discredit Plaintiff's version of the events as alleged by Defendants.

3

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that Plaintiff's excessive force claim survives summary judgment.

The Court accepts and adopts the Magistrate Judge's Recommendation (Doc. 31), as modified by this Order. Defendant's Motion for Summary Judgment (Doc. 17) is granted as to deliberate indifference claim against Defendant Orr, but is denied as to the excessive force claim against Defendant Blanton and as to the claims of compensatory or punitive damages against Defendant Blanton. Plaintiff's Motion for Summary Judgment (Doc. 26) is denied.

Plaintiff's excessive force claim will be tried in Valdosta, Georgia during the July 2011 term of court.

**SO ORDERED**, this the 24th day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh