# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

DAVID TATE,

    Plaintiff,

v.

FRANK BLANTON,

    Defendant.

Civil Action 7:09-CV-142 (HL)

## ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 40).

Plaintiff's case is scheduled for trial on July 25, 2011. Plaintiff is proceeding pro se.

On July 12, 2010, Plaintiff filed a motion to appoint counsel (Doc. 15). The motion was denied by United States Magistrate Judge Thomas Q. Langstaff on March 4, 2011. Plaintiff has moved again for the appointment of counsel.

There is no absolute entitlement to appointed counsel in prisoner civil rights actions. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Rather, court appointed counsel in civil cases is warranted only in "exceptional circumstances." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). To determine whether a case is exceptional, the key inquiry is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo, 983 F.2d at 193. In other

words, "[t]he existence of [exceptional] circumstances will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individual bringing it." Williams v. Grant, 639 F. Supp. 2d 1377, 1378 (S.D. Ga. 2009) (citation omitted).

Plaintiff has presented no exceptional circumstances in this case. The allegations are straightforward. Plaintiff alleges that Defendant used excessive force against him in violation of the Eighth Amendment, in that Defendant tightened Plaintiff's handcuffs too tight, hit him, kicked him, pushed him, and knocked out at least two of his teeth. Plaintiff contends that as a result of the excessive force, he lost two teeth, received cuts on his wrists, and received shoulder and leg injuries. If Plaintiff's situation constituted an exceptional circumstance, nearly all pro se litigants could satisfy the high burden that warrants the appointment of counsel.

The Motion to Appoint Counsel (Doc. 40) is denied.

**SO ORDERED**, this the 22nd day of June, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh